SUMMONS IN A CIVIL ACTION     COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17885696 | D1 FX | 33234765 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

```
        DR. JAMES GREENE          PLAINTIFF
              VS
        METROHEALTH SYSTEM        DEFENDANT
```

```
METROHEALTH SYSTEM DBA METROHEALTH
MEDICAL CENTER
2500 METROHEALTH DR
CLEVELAND OH 44109-0000
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

```
GARY COOK
17325 EUCLID AVENUE

SUITE 4004
CLEVELAND, OH 44112-0000
```

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
CASSANDRA COLLIER-WILLIAMS
Do not contact judge. Judge's name is given for
attorney's reference only.
```

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By_____
    Deputy

| DATE SENT |
|---|
| Sep 11, 2017 |

COMPLAINT FILED    09/08/2017



CMSN130



EXHIBIT 1


# IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
## CUYAHOGA COUNTY OHIO

| | |
|---|---|
| DR. JAMES GREENE<br>2635 East Overlook<br>Cleveland, Ohio 44106<br><br>Plaintiff,<br><br>vs.<br><br>THE METROHEALTH SYSTEM dba<br>METROHEALTH MEDICAL CENTER<br>2500 Metrohealth Drive<br>Cleveland, Ohio 44109-1998<br>Defendant | Case No.:<br><br>Judge: CASSANDRA COLLIER-WILLIAMS<br><br>CV 17 885696<br><br>JUDGE:<br><br>COMPLAINT<br><br>(Jury Demand Endorsed Hereon) |

Plaintiff, James Greene, by and through undersigned counsel, for his Complaint against Defendant the MetroHealth System dba MetroHealth Medical Center, avers as follows:

1. This is a civil action seeking, among other things, damages for defendants' actions and omissions, which, because of plaintiff's race and color, operated to deprive plaintiff of rights secured to him under the Constitution and laws of the State of Ohio and United States. Jurisdiction is invoked pursuant to the Ohio Constitution and the pertinent laws, rules, common law and regulations of Ohio. Plaintiff also asserts claims pursuant to the Ohio Civil Rights Act, as amended, 4112.01 et seq., including Ohio Revised Code 4112.99. The court also has jurisdiction of this action under 28 U.S.C. Section 1343(3). A federal claim of race discrimination arises under 42 U.S.C. sections 1981 and 2000e.

2. At all time relevant times, Dr. James Greene, D.D.S. is a dentist licensed to practice dentistry in the State of Ohio. Plaintiff is black/African American and of African descent.

3. Plaintiff was employed as a faculty of Defendant, pursuant to contract, in its Dentistry and Oral Health Department and was employed in private practice by James G. Greene, DDS, Inc., performing all duties pertinent herein within the County of Cuyahoga and State of Ohio.

4. James G. Greene, DDS, Inc. has been a greater Cleveland practice for 60 years, including 38 continuous years with Dr. James Greene, DDS, Inc.

5. Defendant is a medical hospital formed and operated to Ohio Revise Code Chapter 339, which provides for the establishment and maintenance of a county hospital. Defendant is an unincorporated association pursuant to the aforementioned law, and under the auspices of Cuyahoga County, Ohio. Defendant is duly organized, authorized, and licensed to provide medical care to members of the public within the County of Cuyahoga and State of Ohio. Defendant employs well over 500 or more persons in Ohio.

6. On or about June 10, 2013, Dr. Greene and Defendant entered into an agreement of employment with both having a full understanding that Dr. Greene had and would continue a private dental practice that he had developed.

7. On or about May 10, 2016, Dr. Greene was informed by Defendant through Dr. Bernard R. Boulanger, MD and Mr. Daniel K. Lewis, that He could not continue to work as faculty of Defendant and maintain his private practice, though similarly

situated white employees were not given that ultimatum, and were able to continue their private practices.

8. Several "white" dentists, including, but not limited to Dr. Roger Karp, Dr. Nicholas Hammermeister, Dr. James Kozik, and Dr. William Nemeth, who maintained private dental practices and were also employed Defendant were not required to immediately abandon their private practice to continue to work for Defendant.

9. Dr. Greene was legally required to maintain his private practice to avoid abandonment of patients, malpractice and liability.

10. On or about July 29, 2016, Dr. Greene was terminated by Defendants.

11. At all relevant times herein, Dr. Greene maintained an exemplary record as a dental professional and as a mentor to interns and resident and provided quality dental services to patients of Defendant.

12. In 2016, Defendant unfairly concocted and initiated policies and practices of singling out black professionals in its Dentistry and Oral Health Department that discriminated and disparate practices.

13. Dr. Henry Young, who is African-American and was a longtime director of the department was unceremoniously striped of his title and position.

14. Dr. Green protested this unfair treatment of Dr. Young.

15. After Dr. Greene protested the discriminatory treatment, Defendant released a never before mentioned "study" that claimed that Dr. Greene's employment in private practice was now incompatible with employment with Defendant even

though Dr. Greene had performed the same private practice the entirety of his employment at Defendant without complaint or protest from Defendant.

16. Defendant never mentioned any "study" until Dr. Greene challenged Defendant's authority to selectively target him for this alleged policy.

17. Defendant investigation and study were a pretext and Defendant's claim that Dr. Greene's "failure to be forthcoming about his secondary practice" and it claimed warning one-year prior, is false, and a fabrication.

18. The new location of Dr. Greene's private practice, a pretext given for the incompatibility with continued employment with Defendant, is no closer to Defendant competing location than his prior location.

19. Defendant targeted and retaliated against Dr. Greene for protesting discriminatory conduct, including discriminatory conduct towards Dr. Henry Young.

20. On or about September 13, 2016, Dr. Greene filed a complaint with the Ohio Civil Rights Commission.

21. On or about June 13, 2017, Plaintiff received a right to sue letter from the U.S. Equal Employment Opportunity Commission; and Plaintiff has exhausted all administrative remedies, which is attached as Exhibit 1.

## COUNT I

### OHIO REVISED CODE 4112 - DISPARATE TREATMENT NATIONAL ORIGIN AND RACIAL DISCRIMINATION

22. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

23. Plaintiff was a member of a protected class.

24. Plaintiff suffered adverse employment actions.

25. Plaintiff was qualified and provided exemplary services to Defendant.

26. Defendant treated comparable, non-protected persons more favorably.

27. Defendant's actions are in violation of Ohio Revise Codes sections 4112.02 and 4112.99

28. Defendant's actions were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his race, color, and national origin, in violation of the provision of the Ohio Revise Code sections 4112.

29. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and past and future lost wages and benefits and other damages.

## COUNT II

### OHIO REVISED CODE 4112 - RETALIATION AND RACIAL DISCRIMINATION

30. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

31. Plaintiff and Dr. Young were members of a protected class.

32. Plaintiff protested discriminatory treatment and the discriminatory treatment of Dr. Young.

33. Plaintiff suffered adverse employment actions for opposing discriminatory practices.

34. Defendant's retaliation against plaintiff is in violation of Ohio Revise Codes sections, 4112.02, 4112.02(I), and 4112.99.

35. Defendant's actions were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his race, color, and national origin, in violation of the provision of the Ohio Revise Code sections 4112.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and past and future lost wages and benefits and other damages.

## COUNT III

### 42 U.S.C. SECTION 2000(e) - DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN

37. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

38. Plaintiff was terminated because his race, which is black.

39. Defendants' conduct was deliberate and intentional and reflects an evil motive or reckless indifference to plaintiff's rights, feelings, and entitlement to employment without discrimination because of his race and color.

40. Defendant's conduct violated 42 U.S.C. Section 2000e.

## COUNT IV

### 42 U.S.C. SECTION 1981 DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN

41. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

42. Plaintiff was terminated because his race, which is black.

43. Defendants' conduct was deliberate and intentional and reflects an evil motive or reckless indifference to plaintiff's rights, feelings, and entitlement to employment without discrimination because of his race and color.

44. Defendant's conduct violated 42 U.S.C. Section 1981.

WHEREFORE, Plaintiff James Greene request that this Honorable Court enter judgment in his favor and against Defendant as follows:

 A) Reinstatement of employment

 B) All wages and benefits Plaintiff would have received but for the discrimination;

 C) Lost economic opportunities;

 D) Compensatory Damages;

 E) Punitive Damages;

F) An award of costs;

G) An award of reasonable attorney fees;

H) Such other relief to which Plaintiff is entitled at law or equity.

Respectfully submitted,

*Gary Cook*

Gary Cook (#0021240)
17325 Euclid Ave., Suite 4004
Cleveland, Ohio 44112
(216)965-4410
gcookesq@yahoo.com

Attorneys for Plaintiff

## JURY DEMAND

A trial by jury is hereby demanded composed of the maximum number of jurors allowed by law.

*/s/ Gary Cook*
Gary Cook (#0021240)
17325 Euclid Ave., Suite 4004
Cleveland, Ohio 44112
(216)965-4410
gcookesq@yahoo.com

Attorneys for Plaintiff

# EXHIBIT - A

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | James Greene<br>2635 East Overlook<br>Cleveland, OH 44106 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2016-02162 | Jeremy A. Sells,<br>State & Local Coordinator | (347) 226-7221 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Michelle Eisele*

Michelle Eisele,
District Director

June 13, 2017
(Date Mailed)

Enclosures(s)

cc:
Elcran Boutron
Chief Executive Officer
METROHEALTH SYSTEMS
2500 Metrohealth Dr
Cleveland, OH 44109

# COMMON PLEAS COURT
## CUYAHOGA COUNTY, OHIO

DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

DR JAMES E. GREENE
*Plaintiff*

vs.

THE METRO HEALTH SYSTEM DBA ME
*Defendant*

Judge: CASSANDRA COLLIER-WILLIAMS

CV 17 885696

Has this case been previously filed & dismissed? Yes ☐ No ☑
Case #: _____ Judge: _____
Is this case related to any cases now pending or previously filed Yes ☐ No ☐
Case #: _____ Judge: _____

## CIVIL CLASSIFICATIONS: Place an (X) in ONE Classification Only.

**Professional Torts:**
- ☐ 1311 Medical Malpractice
- ☐ 1315 Dental Malpractice
- ☐ 1316 Optometric Malpractice
- ☐ 1317 Chiropractic Malpractice
- ☐ 1312 Legal Malpractice
- ☐ 1313 Other Malpractice

**Product Liability:**
- ☐ 1330 Product Liability

**Other Torts:**
- ☐ 1310 Motor Vehicle Accident
- ☐ 1314 Consumer Action
- ☐ 1350 Misc Tort

**Workers Compensation:**
- ☐ 1550 Workers Compensation
- ☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
Utilize Separate Foreclosure Designation Form

**Commercial Docket**
- ☐ 1390 Cognovit

**Administrative Appeals:**
- ☐ 1540 Employment Services
- ☐ 1551 Other

**Other Civil:**
- ☐ 1500 Replevin/Attachment
- ☐ 1382 Business Contract
- ☐ 1384 Real Estate Contract
- ☐ 1388 Consumer Debt
- ☑ 1391 Other Contract
- ☐ 1490 Foreign Judgment
- ☐ 1491 Stalking Civil Protection Order
- ☐ 1501 Misc Other
- ☐ 1502 Petition to contest Adam Walsh Act
- ☐ 1503 Certificate of Qualification for Employment

2017 SEP -8 P 4: 13
CLERK OF COURTS
CUYAHOGA COUNTY
FILED

**Amount of Controversy:**
- ☑ None Stated
- ☐ Less than $25,000
- ☐ Prayer Amount _____

**Parties have previously attempted one of the following prior to filing:**
- ☐ Arbitration
- ☐ Early Neutral Evaluation
- ☐ Mediation
- ☐ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, except as noted above.*

GARY COOK ATTORNEY AT LAW
*Firm name (Print or type)*
17325 EUCLID AVENUE #4001
*Address*
CLEVELAND, OHIO 44112
*Address*
216-965-4410
*Phone*

GARY COOK
*Attorney of Record (Print or type)*
*Signature*
GCOOKESQ@YAHOO.COM
*Email Address*
# 0021240
*Supreme Court #*